On Motion for Rehearing

The state has moved for a rehearing, pointing out that the offense of first degree murder to which the defendant pled is punishable only by death or life imprisonment without eligibility for parole for 25 years. § 775.082(1), Fla.Stat. (1985). Thus, the state concludes that our interpretation of defendant’s sentence results in imposition of an illegal sentence.
The problem here resulted from the failure on the part of the prosecutor, defense counsel, and trial court to properly advise the defendant of the mandatory consequences of his plea of guilty to a charge of first degree murder. Fla.R.Crim.P. 3.172(c)(i). We regard that failure as sufficient to have rendered the defendant’s plea involuntary in respect to the mandatory aspect of his sentence. However, we decline to hold that, as such, defendant’s sentence is illegal and should be vacated.
In view of the state’s motion, we certify to the Supreme Court of Florida the following question as being of great public importance.
WHETHER, UNDER THE CIRCUMSTANCES OUTLINED IN OUR OPINION: (1) THE DEFENDANT’S PLEA MAY BE CONSIDERED VOLUNTARY AND HIS SENTENCE INTERPRETED *1265 TO BE A LIFE SENTENCE TO WHICH SECTION 775.082(1) HAS NO APPLICABILITY; OR (2) THE DEFENDANT’S SENTENCE IS SUBJECT TO THE MANDATORY REQUIREMENTS OF SECTION 775.082(1); OR (3) THE DEFENDANT’S PLEA MUST BE SET ASIDE AS INVOLUNTARY?
SCHEB, A.C.J., and HALL and SANDERLIN, JJ„ concur.